UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JONATHON DOUGLAS MATTIX, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-113-JD-JEM |
| C. HETRICK, J. NIESE, and JEFFERY McCRACKEN, | |
| Defendants. | |

OPINION AND ORDER

Jonathon Douglas Mattix, a prisoner without a lawyer, filed a complaint against three police officers alleging they released information to the press. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mattix alleges these police officers provided information about criminal charges against Mattix to several news organizations around January 28, 2025. It is unclear why he believes the media got their information from the defendants rather than from the probable cause affidavit publicly filed in his State murder case on January 27, 2025. *See*

*State v. Mattix*, 02D06-2501-MR-3 (Allen Superior Court 6 filed January 27, 2025). What is clear is that even if the defendants provided this information to the media, this complaint does not state a claim.

The "interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." *Paul v. Davis*, 424 U.S. 693, 712 (1976). "Freedom from being described as 'dishonest' (or the equivalent) by a state actor is not a fundamental right. Indeed, we know from *Paul v. Davis*, that it is not a constitutional right of any kind." *Salem v. Att'y Registration & Disciplinary Comm'n of Supreme Ct. of Illinois*, 85 F.4th 438, 443 (7th Cir. 2023) (citation omitted).

Mattix alleges the media's access to this information before he had been convicted violates his due process right to a fair trial. It is undisputed he has a right to a fair trial, but even "[e]xtensive pretrial publicity does not, in itself, render a trial unfair and violate a defendant's right to due process." *Willard v. Pearson*, 823 F.2d 1141, 1146 (7th Cir. 1987) (*citing Dobbert v. Florida*, 432 U.S. 282, 303 (1977)). Here, where Mattix has still not stood trial, it is impossible to know whether he will have a fair trial. If he does not, his remedy is an appeal or post-conviction relief in the State courts. In the federal courts, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . ." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile."

2

*Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on March 13, 2025

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT